## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LESTER BYRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 00-cv-0705-MJR** |
| | ) | |
| **ILLINOIS, DEPARTMENTOF PUBLIC** | ) | |
| **HEALTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

On May 31, 2007, Defendant, Illinois Department of Public Health, filed its bill of costs seeking $5,046.68 (Doc. 217).  Plaintiff does not object to the request or the amount but wants to avoid any duplication of costs previously ordered by the Court after the first trial in this case which totaled $4,861.28 (*see* Doc. 113), since charges supporting the former figure include charges in the latter figure. The difference lies in additional charges incurred after the first trial and the award of costs theron.

In relevant part, **FEDERAL RULE OF CIVIL PROCEDURE 54** provides:

> **(d)(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

**FED. R. CIV. P. 54(d)(1)**.  A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation."  ***Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.),** *cert. denied*, **527 U.S. 1005 (1999);** *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985)**. Defendants prevail by defeating a claim against them. ***See Perlman v. Zell*,**

**185 F.3d 850, 858-59 (7th Cir. 1999)**.

This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks v. Samsung Heavy Industries Company, Ltd.*, **126 F.3d 926, 944 (7th Cir. 1997)**.**28 U.S.C. § 1332(c)(1)**; *Wild v. Subscription Plus, Inc.*, **292 F.3d 526, 528 (7th Cir.)**, *cert. denied*, **537 U.S. 1045 (2002)**. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined – the court must award costs unless it states good reasons for denying them." *Weeks*, **126 F.3d at 945**, *citing Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, **854 F.2d 219, 222 (7th Cir. 1988)**. "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify denying costs." *Weeks*, **126 F.3d at 945**, *citing id.* The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance. *Cengr v. Fusibond Piping Systems, Inc.*, **135 F.3d 445, 453 (7th Cir. 1998)**; *Gardner v. Southern Railway Systems*, **675 F.2d 949, 954 (7th Cir. 1982)**.

In the instant case, the Illinois Department of Public Health is clearly a "prevailing party" within the meaning of **FED. R. CIV. P. 54(d)**. It prevailed on the race discrimination claim in the first trial, won a reversal of the retaliation claim on appeal and then won the retaliation claim in the second trial.

Plaintiff's argument about being charged twice for the same costs is unavailing since the earlier award of costs was vacated by the Court of Appeals when the judgment this Court entered on January 13, 2004, was vacated. Consequently, there is no possibility of charging Plaintiff double for costs.

Accordingly, the Court overrules Plaintiff's objection to Defendant's amended Bill

of Costs and **GRANTS** costs to Defendant in the amount of $5,046.68 based upon its Amended Bill

of Costs (Doc. 217).

      **IT IS SO ORDERED.**

      **DATED this 9th day of July, 2007**

                    **s/Michael J. Reagan**
                    **MICHAEL J. REAGAN**
                    **United States District Judge**